Argued and submitted July 16, affirmed September 12, 1990, reconsideration denied
by opinion January 23, 1991
See 105 Or App 396 (1991)

Oliver Nunnie GILL,
*Appellant,*

*v.*

CITY OF EUGENE,
*Respondent.*

(16-88-08970; CA A61564)

797 P2d 399

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

John B. Arnold, Eugene, argued the cause for respondent. With him on the brief was Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against the defendant city under *former* ORS 133.739. He alleges that on August 15, 1986, Becky Hanson-Jordan, a city police officer, violated then applicable statutory provisions relating to interception of oral communications by wearing a body wire while purporting to use plaintiff as an intermediary in a drug buy.[1] At plaintiff's criminal trial, in November, 1986, the district attorney introduced the recorded interception as evidence. Plaintiff was convicted of delivery of a controlled substance. He brought this action in October, 1988. The trial court granted the city's motion for summary judgment on a number of grounds. The only issue we reach is whether the action is barred by the two-year limitation period in ORS 30.275(8). We affirm.

*Former* ORS 133.739 conferred a right of action on any person whose oral communications were intercepted unlawfully against "any person who wilfully intercepts, discloses or uses, or procures any other person to intercept, disclose or use such communication." Hanson-Jordan intercepted the communication more than two years before plaintiff brought the action; the trial, at which the district attorney used the recording, took place within the two-year period preceding the commencement of the action. Plaintiff's essential point is that his action *against the city* did not accrue until—or that a second claim against it accrued when—the recording was used at the trial. The district attorney is not an employee of the city. His affidavit states, in relevant part:

> "No representative of the City of Eugene played any part in the decision to disclose and use the tape recording at trial. The decision to disclose and use the tape recording at trial was mine and was made after Mr. Gill testified falsely in the criminal case. After Mr. Gill's testimony, I decided to, and did, offer the tape into evidence. The tape was received in evidence and played to the jury without objection by Mr. Gill or his attorney."

The affidavit was not controverted. None of plaintiff's arguments that attempt to link the district attorney to the city or

---

[1] We take plaintiff's contentions as true only for purposes of this opinion. We also assume, without deciding, the correctness of all of the premises of plaintiff's action that are not relevant to the single issue on which we base our decision.

Hanson-Jordan to the disclosure of the recording at the criminal trial are persuasive.

Plaintiff also contends that ORS 30.275(8) does not bar the action, because its two-year period runs from "the alleged loss or injury." According to plaintiff, he

> "did not suffer any 'loss' or any 'injury' from the *existence* of the unlawful intercept, and certainly not from the disclosure of their existence to his own attorney in the month before the trial. He suffered loss of his liberty and substantial injury *by the unlawful disclosure and use* of the intercept on November 5 and 6, 1986. He commenced this action within two years after that loss and that injury." (Emphasis plaintiff's.)

Plaintiff is wrong for two reasons. First, under *former* ORS 133.739(1)(a), actual damages were not necessary in order for an action to be brought; the statute provided a minimum damages formula, even in the absence of actual damage. Second, plaintiff's argument mistakenly equates "loss or injury" with actual damages. If his allegations and understandings are correct, Hanson-Jordan inflicted an injury to his rights at the time that she intercepted his communication. The fact that no damages flowed from that injury is not relevant to the limitations issue, but to the damages that plaintiff could have sought if his action had been timely. It was not.

Affirmed.