On appellant's petition for reconsideration filed October 15 of opinion
(103 Or App 381, 797 P2d 399) filed September 12, petition for reconsideration denied
January 23, 1991

Oliver Nunnie GILL,
*Appellant,*

*v.*

CITY OF EUGENE,
*Respondent.*

(16-88-08970; CA A61564)

803 P2d 783

Maurice K. Merten, Judge.

David C. Force and Vick & Gutzler, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

Newman, J., dissenting.

## PER CURIAM

Plaintiff petitions for review of our decision. We treat the petition as a petition for reconsideration. ORAP 9.15. It is denied.

Petition for reconsideration denied.

**NEWMAN, J.,** dissenting.

I dissent from the denial of the petition for reconsideration. Even if, after reconsideration, we would reach the same result as in our opinion, we should correct it, because it is decided on incorrect grounds.

We held that, under *former* ORS 133.739, the limitation period had run against plaintiff's claim, because the period commenced when the interception occurred. 103 Or App 381, 384, 797 P2d 399 (1990). That statute provides for an action within two years by

"any person whose * * * oral communication was intercepted, *disclosed or used* in violation of ORS 133.724 or 133.737 * * *." (Emphasis supplied.)

Plaintiff's complaint alleges that he was injured by disclosure or use of his oral communication. The statute speaks in the disjunctive. Contrary to its plain language, our opinion required that plaintiff have commenced the action within two years after the *interception* of his oral communication. We should allow the petition and reconsider our opinion accordingly.